IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
~~~~~~ ~~~~~~~~

OCT 28 2005

GR~~ ~~~ ~. ~~~~GHAM
CLERK

Civil Action No. 05-cv-01776-OES

MARK A. GLASS,

     Plaintiff,

v.

R. HOOD,
G. HERSHBERGER,
H. WATTS,
MR. LAPPIN,
DR. LEYBA,
JOHN DOE #1,
JOHN DOE #2, and
WARDEN WILEY,

     Defendants.

---

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

---

Plaintiff Mark A. Glass is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado.  He has filed *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, an amended Prisoner Complaint, a motion for leave to file an amended complaint, and a request for the appointment of counsel characterized as "Plaintiffs [sic] Declaration in Support of Request for Appointment of Counsel."  He also has filed a motion for a preliminary injunction and a temporary restraining order characterized as "Memorandum of Law in Support of Motion for TRO and Preliminary Injunction" and as "Declaration in Support of

Plaintiff's Motion for TRO and Preliminary Injunction."

The Court must construe liberally the motion for a preliminary injunction and a temporary restraining order because Mr. Glass is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for a preliminary injunction and a temporary restraining order will be denied.

Mr. Glass alleges that he has been diagnosed with chronic neck and spine diseases and that he has been prescribed medication for pain and surgery to correct his cervical and lumbar problems. He complains that his pain medication and surgery have been denied. He seeks injunctive relief to force Defendants to execute his allegedly prescribed course of treatment.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Mr. Glass fails to allege facts that demonstrate he is facing immediate and irreparable injury. Therefore, the motion for a preliminary injunction and a temporary restraining order will be denied.

Accordingly, it is

ORDERED that the motion for a preliminary injunction and a temporary restraining order filed by Plaintiff Michael Glass and characterized as "Memorandum of Law in Support of Motion for TRO and Preliminary Injunction" and as "Declaration in Support of Plaintiff's Motion for TRO and Preliminary Injunction" is denied.  It is

FURTHER ORDERED that the request for the appointment of counsel characterized as "Plaintiffs [sic] Declaration in Support of Request for Appointment of Counsel" is denied as premature.  It is

FURTHER ORDERED that the motion for leave to file an amended complaint is granted.

DATED at Denver, Colorado, this 27 day of _____Oct._____, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-01776-OES

Mark A. Glass
Reg. No. 02704-748
ADX – Florence
P.O. Box 8500
Florence, CO 81266

I hereby certify that I have mailed a copy of the     **ORDER** to the above-named
individuals on _10/29/05_

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk