IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01776-OES

MARK A. GLASS,

    Plaintiff,

v.

R. HOOD,
G. HERSHBERGER,
H. WATTS,
MR. LAPPIN,
DR. LEYBA,
JOHN DOE #1,
JOHN DOE #2, and
WARDEN WILEY,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 - 2005

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff Mark A. Glass is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He has filed *pro se* an amended civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993) for money damages and for declaratory and injunctive relief.

    Mr. Glass also asserts jurisdiction pursuant to 42 U.S.C. § 1988 (2003). He may not assert a § 1988 claim. *Pro se* litigants may not recover an award of attorney's fees pursuant to this section. ***Turman v. Tuttle***, 711 F.2d 148 (10th Cir. 1983). The policy underlaying § 1988 was not implemented to compensate *pro se* litigants. *Id.*

The Court must construe the amended complaint liberally because Mr. Glass is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Glass will be ordered to file a second amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Glass's amended complaint is verbose and unnecessarily long. The amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). His claims appear to stem from his disagreement with the medical treatment he has received for chronic neck and back pain. Yet he devotes thirty-two pages, in handwriting almost too small to read, to listing chronological events dating back to 1996, offering long-winded recitations, and making repetitious allegations that he easily could have stated in only a few pages, and the amended complaint still fails to make clear the reason or reasons he is suing each named defendant or how his constitutional rights have been violated. Rather than summarizing each claim succinctly, Mr. Glass apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Glass's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Glass must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Glass also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused

the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as ADX Warden Robert Hood, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Glass may use fictitious names, such as "John Doe # 1" and "John Doe #2" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Glass uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Glass should be given an opportunity to file a second amended complaint. He will be directed to do so below.

In addition, it appears that Mr. Glass has failed to exhaust each of his claims through the BOP grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust

administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Glass is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Glass must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Glass has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

Mr. Glass only has provided the Court with copies of grievances filed and answered in 2004. Yet he also asserts claims arising in 2005, such as being denied surgery by Defendant John Doe #2 in August 2005. Mr. Glass also does not describe with specificity the steps he has taken to exhaust administrative remedies as to each of his asserted claims. Therefore, Mr. Glass will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure as to each of his asserted claims. Mr. Glass is reminded that he must either attach copies of administrative proceedings or describe

their disposition with specificity as to each asserted claim and each issue raised in each asserted claim.

Finally, Mr. Glass is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Glass should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Glass file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Glass, together with a copy of this order, two copies of the following form to use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Glass submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Glass fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's

satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 2 day of December, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01776-OES

Mark A. Glass
Reg. No. 02704-748
ADX – Florence
P.O. Box 8500
Florence, CO 81266

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 12-2-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk