IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 6 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01776-OES

MARK A. GLASS,
    Plaintiff,

v.

R. HOOD,
G. HERSHBERGER,
H. WATTS,
MR. LAPPIN,
DR. LEYBA,
JOHN DOE #1,
JOHN DOE #2, and
WARDEN WILEY,
    Defendants.

---

ORDER DENYING RECONSIDERATION OF ORDER DENYING MOTION
FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

---

Plaintiff Mark A. Glass is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He filed *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, an amended Prisoner Complaint, a motion for leave to file an amended complaint, a request for the appointment of counsel characterized as "Plaintiffs [sic] Declaration in Support of Request for Appointment of Counsel," and a motion for a preliminary injunction and temporary restraining order characterized as "Memorandum of Law in Support of Motion for TRO and Preliminary Injunction" and as "Declaration in Support of Plaintiff's Motion for TRO and Preliminary Injunction."

In an order filed on October 28, 2005, the Court denied Mr. Glass's motion for a preliminary injunction and temporary restraining order, denied his request for the appointment of counsel as premature, and granted his motion for leave to file an amended complaint. On December 14, 2005, Mr. Glass filed a motion for reconsideration of the denial of his motion for a preliminary injunction and temporary restraining order, characterized as "Plaintiff's Motion and Memorandum of Authority in Support of Request for the Court to Reconsider Its Denial of Plaintiff's Motion for Preliminary Injunction and TRO."

The Court must construe liberally the motion for reconsideration of the order denying Mr. Glass's motion for a preliminary injunction and temporary restraining order because Mr. Glass is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for reconsideration will be denied.

Mr. Glass again alleges that he has been diagnosed with chronic neck and spine diseases and that he has been prescribed medication for pain and surgery to correct his cervical and lumbar problems. He again complains that his pain medication and surgery have been denied. He again seeks injunctive relief to force Defendants to execute his allegedly prescribed course of treatment.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction

2

may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. **See** Fed. R. Civ. P. 65(b). Mr. Glass again fails to allege facts that demonstrate he is facing immediate and irreparable injury. Therefore, the motion for reconsideration of the order denying his motion for a preliminary injunction and temporary restraining order will be denied. Accordingly, it is

ORDERED that the motion for reconsideration of the order denying the motion for a preliminary injunction and temporary restraining order filed by Plaintiff Michael Glass and characterized as "Plaintiff's Motion and Memorandum of Authority in Support of Request for the Court to Reconsider Its Denial of Plaintiff's Motion for Preliminary Injunction and TRO" is denied. It is

FURTHER ORDERED that Mr. Glass has **thirty (30) days from this order** in which to file a second amended complaint that complies with the directives in the December 2, 2005, order. Failure to file a second amended complaint as directed within the time allowed will result in dismissal of the amended complaint and the action.

DATED at Denver, Colorado, this 5 day of January, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01776-OES

Mark A. Glass
Reg. No. 02704-748
ADX – Florence
P.O. Box 8500
Florence, CO 81266

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/6/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk